UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID E. MOYA,

    Plaintiff

Case No.:   8:13 cv 2491 27 Tow

CONTINENTAL SERVICE GROUP, INC.,

    Defendant

_____/

## COMPLAINT
## JURY DEMAND

    **COMES NOW**, the Plaintiff, DAVID E. MOYA, by and through undersigned counsel, and brings this action against the Defendant, CONTINENTAL SERVICE GROUP, INC., and as grounds thereof would allege as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 U.S.C. §227(b)(1)(A), 47 U.S.C. §227(b)(1)(A)(iii), for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692d, 1692e, 1692e(2), 1692e(10), and 1692g, and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.



TRA - 19604
#400

## JURISDICTION and VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b) (3), 15 U.S.C. §1692k (d), Fla. Stat. §47.051, and supplemental jurisdiction exist for the state law claims pursuant to 28 U.S.C. §1367.

3. This Court has jurisdiction under 28 U.S.C. §1331. Mims v. Arrow Financial Services LLC, 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012).

4. Venue is proper pursuant to 28 U.S.C. §1391 and Fla. Stat. §559.77. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

5. This is an action for damages which does not exceed $5,000.00

## PARTIES

6. Plaintiff, David E. Moya, is a natural person who resides in the City of Winter Haven, County of Polk, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. At all times material hereto, Plaintiff, was and is a natural person, and is a "consumer" as the term is defined by Florida Statutes § 559.55(2), and/or a person with standing to bring a claim under the FCCPA, FDCPA and the TCPA by virtue of being directly affected by violations of the Act.

8. Defendant CONTINENTAL SERVICE GROUP, INC., (hereinafter "Defendant CONTINENTAL SERVICE GROUP") is a debt collection agency operating from an address of 200 Crosskeys Office Park Fairport, New York 14450 as that term is defined by 15 U.S.C. §1692a(6).

9. Defendant list its registered agent as CT Corporation System, at 1200 S. Pine Island Road, Plantation, FL. 33324.

10. Defendant CONTINENTAL SERVICE GROUP regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. Defendant CONTINENTAL SERVICE GROUP at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA. 47 U.S.C. §153(43).

12. Defendant CONTINENTAL SERVICE GROUP at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA. 47 U.S.C. §153(22).

13. Defendant CONTINENTAL SERVICE GROUP at all times relevant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a) (1) and 47 C.F.R. 64.1200(f) (1).

14. Defendant CONTINENTAL SERVICE GROUP is a "Debt Collection Agency" that specializes in collect Student Loans debt. Plaintiff doesn't have any Student Loan Debt.

15. Defendant CONTINENTAL SERVICE GROUP is a "Consumer Collection Agency" as per the Florida office of Financial Regulation License # CCA0900440. (Exhibit A)

16. Defendant CONTINENTAL SERVICE GROUP is a "Foreign Profit Corporation" as per Florida Department of State, Division of Corporations. (Exhibit B)

17. Defendant CONTINENTAL SERVICE GROUP regularly collects or attempts to collect debts for other parties.

18. Defendant is a "debt collector" as defined in the FDCPA.

19. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## GENERAL ALLEGATIONS

20. Plaintiff has no prior or present established relationship with the Defendant CONTINENTAL SERVICE GROUP.

21. Plaintiff has never given Defendant express permission to call Plaintiff's cellular phone.

22. Plaintiff has no contractual obligation to pay Defendant CONTINENTAL SERVICE GROUP.

23. On July 31, 2013 Defendant CONTINENTAL SERVICE GROUP, violated the TCPA, FDCPA, and FCCPA by calling Plaintiff's cell phone with no prior permission given by Plaintiff.

24. On July 31, 2013 Defendant CONTINENTAL SERVICE GROUP, asserted a right which it lacks, to wit, the right to enforce an alleged debt.

25. On August 1, 2013 Plaintiff sent Via USPS Certified Mail Defendant CONTINENTAL SERVICE GROUP a "Notice of Pending Lawsuit" as an opportunity to amicably cure Defendant violation. Defendant never responded. (Exhibit C)

26. On or about August 30, 2013 counsel for Plaintiff received an email communication from Davidson Fink LLP Attorneys and Counselors at law. (Exhibit D)

27. The communication states "ConServe Reference No. 6559203.

28. The communication states: "Based upon the foregoing, ConServe declines to offer any settlement in this matter".

29. The communication states: THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

30. Plaintiff repeats and realleges Plaintiff has no prior or present established relationship with the Defendant CONTINENTAL SERVICE GROUP.

31. Plaintiff successfully registered his phone ending in xxx-xxx-7550 with the National Do Not Call Registry since August 20, 2011. (Exhibit E)

32. The National Do Not Call Registry is managed by the Federal Trade Commission (hereinafter "FTC"), the National Consumer Protection Agency.

33. Debt Collections Agencies are solicitors. After 31 days has expired, solicitors are legally prohibited from calling registered cell phone number.

34. Plaintiff alleges that no prior or present established relationship with Defendant.


## COLLECTION CALLS

35. On July 31, 2013 Defendant CONTINENTAL SERVICE GROUP, contacted Plaintiff by telephone in an effort to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). (Exhibit F)

### SUMMARY

36. The above-described collection communication made to Plaintiff by Defendant CONTINENTAL SERVICE GROUP, was made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692d, 1692e, 1692e(2), 1692e(10), and 1692g.


## TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R.Civ. P.38.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE TELEPHONE COMMUNICATION ACT 47 U.S.C. §227

38. Plaintiff alleges and incorporates by reference all of the above paragraphs of this Complaints as though fully stated herein.

39. At all-time mentioned herein, Defendant placed non-emergency telephone calls to Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages in violation 47 U.S.C. 227(b)(1)(A)(iii).

40. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(l):

"... means equipment which has the capacity-

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
(B) to dial such numbers."

47 U.S.C. § 227(a) (l)

41. Defendant's telephone call placed to Plaintiff were not for "emergency purposes" as specified in 47 U.S.C §227(b) (1)(A)(iii).

42. Plaintiff did not expressly consent to CONTINENTAL SERVICE GROUP to contact Plaintiff cellular phone.

43. The aforementioned call made by Defendant constitutes a negligent or intentional violation of the TCPA, by calling Plaintiff using an automatic telephone dialing system, including each of the aforementioned provisions of 47 U.S.C. §227, *et. seq.*

44. According to the findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such call is prohibited because, as Congress found, automated or prerecorded telephone calls

area a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient.   The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

45. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent with the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565(¶ 10).

46. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willful and intentionally violated the TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii).

47. Defendant willfully or knowingly violated the TCPA.

48. 47 U.S.C. §227(b)(1)(A) states in part;

> **(b) Restrictions on use of automated telephone equipment**
> **(1) Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> (i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
> (ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

49. 47 U.S.C. §227(b)(3)(B) states in part;
> **(3) Private right of action**
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

50. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of the Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

51. As a result Defendant's negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages per call in violation of the TCPA pursuant to 47 U.S.C. §227(b) (3) (B).

52. As a result Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §(227(b)(3)(C).

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for statutory damages of $1,500.00 and for such other and further relief as justice may require.

## COUNT II
## WILLFUL AND NEGLIGENT VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692

53. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The Defendants' conduct violated 15 U.S.C. §1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

55. The Defendants' conduct violated 15 U.S.C. §1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

56. The Defendants' conduct violated 15 U.S.C. §1692e (2) in the misrepresented the character, amount and legal status of the Debt.

57. The Defendants' conduct violated 15 U.S.C. §1692e (10) in the Defendants employed false and deceptive means to collect a debt.

58. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provision.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

## COUNT III
## WILLFUL AND NEGLIGENT VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(PART VI)

59. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The Defendants' conduct violated §559.72(7) by willfully and negligently communicating with Plaintiff with such frequency as could reasonable by expected to harass Plaintiff.

61. The Defendants' conduct violated §559.72(9) by claiming, attempting or threatening to enforce a debt knowing that the debt was not legitimate.

62. **WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

## COUNT IV
## INVASION OF PRIVACY

63. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasion of individual privacy*. 15 U.S.C. §1692(a) (emphasis added).

65. Congress further recognized a consumer's right to privacy in financial data in passing the

Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a

broad range of "financial institutions" including debt collectors albeit without a private

right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has
> an affirmative and continuing obligation to respect the privacy of
> its customer and to protect the security and confidentiality of
> those customers' nonpublic personal information.
> 15 U.S.C. §6801(a) (emphasis added)

66. The Restatement of the law, Second, Torts, §652(b) defines intrusion upon seclusion as, *"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person. Defendants intentionally or negligently interfered with the solitude, seclusion or private concerns or affairs of the Plaintiff's by repeatedly and unlawfully attempting to collect a debt and placing so many calls with such frequency."*

67. Defendant intentionally or negligently interfered with the solitude, seclusion or private

concerns or affairs of the Plaintiff's by unlawfully attempting to collect a debt and

placing a call.

68. Defendant undertook communication while Plaintiff was at home, constituting an

invasion of privacy.

69. Said communication was harassing, unreasonable, systematic and in disregard for

Plaintiff's right to privacy.

70. Said communications was made by Defendant to force, coerce, harass, frighten,

embarrass or humiliate Plaintiff into paying a debt that never existed.

71. Said communication was intentional, willful, and malicious, and violated Plaintiff's

privacy.

72. Said invasion were a regular, continuous and systemic, harassing and unreasonable collection effort and violated the Plaintiff's privacy.

73. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, or private concerns or affairs.

74. As a result of Defendants' action, Plaintiff has been damaged, including suffering emotional distress, mental anguish and humiliation.

75. As a result of Defendants actions, Defendant are liable to Plaintiff for punitive damages.

**WHEREFORE,** Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Statutory Damages payable by Defendant

b.  Punitive damages;

c.  A declaration that Defendant's calls violated the TCPA;

d.  A declaration that Defendant's calls violated the FDCPA;

e.  A declaration that Defendant's calls violated the FCCPA;

f.  A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff  using an automatic telephone dialing system or pre-recorded or artificial voice;

g.  Fees and Cost pursuant to Fla. Stat. §559.77(2)

h.  Such other or further relief as the Court deems proper.

**Jury Demand**

## DEMAND FOR JURY TRIAL

Plaintiff, DAVID E MOYA, hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 25th day of September, 2013

Respectfully submitted
Maxie Broome, Jr., P.A.

Maxie Broome, Jr., Esquire
Florida Bar No.: 0250201
P.O Box 371
Bartow, Florida 33831
(904) 382-2434 (Telephone)
mbroomelaw@aol.com (email)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be filed with the Clerk of Court and served property this 25th day of September, 2013 to the party listed below by Registered Agent at:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

For:

CONTINENTAL SERVICE GROUP, INC
200 CROSSKEYS OFFICE PARK
FAIRPORT, NY 14450